UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
IN ADMIRALTY

CASE NO. 23-CV-22080-RKA

MARIA HAMLIN,

    Plaintiff,

v.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINE,

    Defendant.
_____/

**DEFENDANT, CARNIVAL CORPORATION'S, ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINE, (hereinafter "CARNIVAL") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, and files its Answer and Affirmative Defenses to Plaintiff, MARIA HAMLIN's, Complaint for damages contained in the Complaint, and states as follows:

**ANSWER**

1. Paragraph 1 is denied, other than to admit only that this Honorable Court has subject matter jurisdiction over this action pursuant to its Admiralty and Maritime jurisdiction.

2. Paragraph 2 is admitted.

3. Paragraph 3 is denied for lack of knowledge.

4. Other than to admit that this Honorable Court has *en personam* jurisdiction over this Defendant, Paragraph 4 is denied.

5. With regard to Paragraph 5, Defendant admits only that it may be deemed the owner and operator of the Carnival Vista for purposes of this litigation only.

6. With regard to Paragraph 6, Defendant admits only that Plaintiff was a passenger on board the Carnival Vista on the date stated in the complaint.

7. Paragraph 7 is denied.

8. Paragraph 8 is admitted.

9. Paragraph 9 is a statement of law to which Defendant is not required to admit or deny. To the extent that an answer is required, Defendant admits that the applicable standard is "reasonable care under the circumstances".

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Defendant does not object to Plaintiff's request for a trial by jury.

15. The Defendant, CARNIVAL, denies all allegations of the Complaint which are not specifically admitted.

16. The Defendant, CARNIVAL, denies Plaintiff is entitled to judgment of the relief sought.

17. Any and all allegations pertaining to any negligence or liability of the Defendant, CARNIVAL, are specifically denied.

WHEREFORE, having fully answered the Complaint, the Defendant, CARNIVAL, demands that the Complaint be **Dismissed with Prejudice** to and at the cost of Plaintiff.

## AFFIRMATIVE DEFENSES

As separate and complete defenses, based on information and belief, CARNIVAL CORPORATION states as follows:

### FIRST AFFIRMATIVE DEFENSE

For its First Affirmative Defense, CARNIVAL CORPORATION avers that the negligence, actions and/or misaction of the Plaintiff was the sole and proximate cause of any and all injuries or damages as alleged in the Complaint, and as such, the Plaintiff's right to recovery is either barred or shall be reduced pursuant to the doctrine of Comparative Negligence. For example, Plaintiff failed to exercise reasonable care for her own safety in the manner in which she traversed the subject area; and failed to avoid the subject condition which she alleges caused or contributed to her accident.

### SECOND AFFIRMATIVE DEFENSE

For its Second Affirmative Defense, CARNIVAL CORPORATION asserts that the Plaintiff's action is precluded, limited and/or controlled by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage. Defendant incorporates the passenger ticket contract herein by reference.

### THIRD AFFIRMATIVE DEFENSE

For its Third Affirmative Defense, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, thus precluding or diminishing the Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries. For example, Plaintiff failed to follow the directions and instructions of her doctors and therapist to rehabilitate her injury. Investigation and discovery are ongoing, as Defendant does not have possession of Plaintiff's complete medical records.

## FOURTH AFFIRMATIVE DEFENSE

For its Fourth Affirmative Defense, the Defendant further affirmatively alleges, without admitting liability, Defendant further affirmatively avers, that Plaintiff's medical expenses are excessive, unreasonable and unnecessary; her past medical expense damages are limited to those that are reasonable and necessary, including reduction for any amounts written-off, not submitted and/or which plaintiff was not required to pay.

## FIFTH AFFIRMATIVE DEFENSE

For its Fifth Affirmative Defense, Defendant affirmatively alleges that Plaintiff's injuries, if any, are the result of a pre-existing injury or condition which was not aggravated by the alleged accident claimed herein.  Alternatively, if any pre-existing injury or condition was aggravated by any alleged injuries herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery she obtains herein must be limited to the percentage of aggravation she suffered as a result of this alleged accident.

## SIXTH AFFIRMATIVE DEFENSE

For its Sixth Affirmative Defense, the Defendant asserts that to the extent that the Plaintiff's Complaint relates that a dangerous condition existed on the vessel of this Defendant, this Defendant would affirmatively aver that any such condition, if in existence, was such an open and obvious condition that the Plaintiff did or should have observed and comprehended same; thus, avoiding the alleged accident and as such, any recovery of the Plaintiff herein are barred or should be accordingly reduced.

## SEVENTH AFFIRMATIVE DEFENSE

For its Seventh Affirmative Defense, Defendant alleges federal maritime law to the exclusion

of state law controls this action.

## EIGHTH AFFIRMATIVE DEFENSE

For its Eighth Affirmative Defense, Defendant avers it owed a duty of reasonable care to the Plaintiff herein and that this Defendant complied with and otherwise fulfilled its duty to the Plaintiff and as such, the Plaintiff herein is unable to recover of this Defendant.

## NINTH AFFIRMATIVE DEFENSE

For its Ninth Affirmative Defense, the Defendant further affirmatively avers that any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant and any such injuries are unrelated to the incident at issue and as such, the Plaintiffs are unable to recover of this Defendant.

## TENTH AFFIRMATIVE DEFENSE

For its Tenth Affirmative Defense, the Defendant avers that it had no notice, actual, constructive or otherwise of any dangerous condition which the Plaintiff alleges was the proximate cause of his damages and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31st, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generate by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

DONNISE DESOUZA WEBB, ESQ
CARNIVAL CORPORATION
3655 N.W. 87th Avenue
Miami, Florida 33178-2428
(305) 406-4838 Direct Phone
(305) 599-2600 Ext. 18073 Assistant's Phone
(305) 406-4732 Telefax

By: *s/ Donnise DeSouza Webb, Esq.*
      Donnise DeSouza Webb, Esq
      FLA. BAR NO: 879398

## SERVICE LIST

| | |
|---|---|
| DONNISE DESOUZA WEBB, ESQ.<br>ddesouza@carnival.com<br>CARNIVAL CORPORATION<br>3655 N.W. 87th Avenue<br>Miami, FL 33178<br>Telephone: (305) 406-4838<br>Facsimile: (305) 406-4732<br>Attorney for Defendant, CARNIVAL | MICHAEL C. BLACK, ESQ.<br>mblack@marlaw.com<br>MICHAEL C. BLACK, P.A.<br>7700 North Kendall Drive, Suite 305<br>Miami, FL 33156<br>Telephone: (305) 271-8301<br>Facsimile: (305) 271-8302<br>Attorney for Plaintiff, HAMLIN |

[Service via CM/ECF Notice of Electronic Filing]