UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO. 23-cv-22080-ALTMAN/Reid

MARIA HAMLIN,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

    Defendant.

_____/

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, MARIA HAMLIN, by and through her undersigned attorney and sues the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, and alleges as follows:

1. This is an action involving the diversity of citizenship of the parties as more fully described below and for damages in excess of $75,000.00. Alternatively, this case falls within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. 1333.

2. Pursuant to a forum selection clause in the subject cruise ticket, this action must be brought in this Court.

3. The Plaintiff, MARIA HAMLIN, is an individual and resident of Sparks, Nevada.

4. The Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, is a foreign corporation with its principal place of business in Miami, Florida, and is a common carrier of passengers by water for hire at all material times hereto.

5. At all times material, the Defendant owned, managed, chartered and/or operated the cruise vessel M/V CARNIVAL VISTA (hereinafter "Vista").

6. On or about April 2, 2022, the Plaintiff, in consideration of the payment of a specified sum of money, boarded the "Vista" for a seven (7) day pleasure cruise.

7. On or about April 8, 2022, the Plaintiff, MARIA HAMLIN, was injured when she slipped walking across the pool deck area causing her to fall and injuring her left leg. Consequently, the Plaintiff suffered a fractured femur in her left leg resulting in surgery with the placement of hardware, requiring three blood transfusions and a revision surgery due to subtrochanteric nonunion. The Plaintiff continues to suffer from her injury and will likely require long-term medical treatment for the injuries she sustained.

8. Following the incident, Plaintiff was taken to the medical center aboard the Vista, where Plaintiff was seen by the ship's medical staff who failed to properly treat and/or diagnose Plaintiff's injuries, including but not limited to, the substantial internal bleeding Plaintiff was experiencing during her time in the ship's medical center.

## COUNT I
## NEGLIGENCE

The Plaintiff adopts and realleges the allegations in paragraphs 1 through 8 and alleges further that:

9. At all times material hereto, Carnival owed the duty to the Plaintiff to exercise reasonable care under the circumstances for the Plaintiff's safety.

10. Carnival breached its duty of care to the Plaintiff and was negligent in that it allowed an unreasonably dangerous condition under the circumstances to exist, specifically a pool deck area that when subjected to rain became dangerous and unreasonably slippery; and/or by failing

to properly alert passengers of the slippery deck; that it negligently maintained the premises in question; and by failing to warn the Plaintiff and fellow passengers of a dangerous and hazardous condition about which it knew or should have known.

11. At all times material hereto, Carnival was in direct control of the vessel and the area where the Plaintiff was injured.

12. Carnival had actual or constructive notice of the dangerous condition but did nothing to prevent the subject incident.

13. As a direct and proximate result of Carnival's aforesaid negligence, the Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, the Plaintiff, MARIA HAMLIN, demands judgment against the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINE, in an amount in excess of $75,000 to be determined at trial by a jury, together with interest and costs and other relief deemed just and appropriate by this Honorable Court.

## COUNT II
## NEGLIGENCE OF MEDICAL PERSONNEL
**(Vicarious Liability Based Upon Actual Agency / Respondeat Superior)**

Plaintiff adopts and realleges the allegations in paragraphs 1 through 8 and alleges further that:

14. Carnival's medical personnel, including the doctors and nurses onboard the Vista, were the employees, agents, servants and/or persons otherwise authorized to act on behalf of Carnival. Thus, Carnival is vicariously liable for the acts and/or omissions of its medical personnel.

15. Carnival acknowledged that its medical personnel, including the doctors and nurses onboard the Vista, would act for it, and the medical personnel manifested an acceptance of the undertaking. For example: (1) Carnival directly paid the medical personnel for their work in the medical center onboard the Vista; (2) the medical center onboard the Vista was created, owned and operated by Carnival; (3) the medical personnel onboard the Vista worked at what Carnival describes in its advertising as Carnival's medical center; and (4) Carnival knowingly provided, and the medical personnel onboard the Vista knowingly wore, uniforms bearing Carnival's name and logo; the ship physician on the Vista is considered and titled an officer of Carnival's cruise line.

16. Carnival's medical personnel, including the doctors and nurses onboard the Vista, were subject to the right of control by Carnival, and were acting within the scope of their employment or agency. For example: (1) the medical personnel were employed by Carnival; (2) the medical personnel were hired to work in a medical center onboard the Vista that was created, owned and operated by Carnival; (3) the medical personnel were paid salaries and/or other employment related benefits directly by Carnival; (4) the medical personnel onboard the Vista were considered to be members of the ship's crew; (5) the medical personnel were required to wear uniforms or other insignia furnished by Carnival; (6) Carnival put the medical personnel onboard the Vista under the command of the ship's superior officers, and they were subject to the ship's discipline and the master's orders; (7) Carnival had the right to fire its medical personnel; (8) Carnival directly billed the Plaintiff and other passengers onboard the Vista for services rendered

4

by its medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; and (9) the medical personnel onboard the Vista were subject to the control of Carnival's shore-side medical department.

17. Carnival, through its medical personnel, owed Plaintiff the duty of exercising reasonable care under the circumstances. In particular, as Plaintiff suffered a left femur fracture onboard the Vista and was taken to the ship's medical center, Carnival owed Plaintiff the duty of protecting her from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

18. Carnival, through its medical personnel, breached its duty of protecting Plaintiff from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. Carnival, through its medical personnel, breached its duty in one or more of the following ways:

   a. Failing to properly assess the condition of Plaintiff;

   b. Failing to properly diagnose Plaintiff;

   c. Failing to timely diagnose Plaintiff;

   d. Failing to properly treat Plaintiff;

   e. Failing to perform or arrange for appropriate diagnostic testing given Plaintiff's condition;

   f. Failing to obtain consultations with appropriate specialists;

   g. Failing to properly monitor Plaintiff;

   h. Failing to timely airlift, medivac, and/or disembark Plaintiff from the ship so that she could promptly receive treatment;

   i. Failing to timely divert the ship so that Plaintiff could promptly receive treatment;

5

    j. Failing to contact the United States Coast Guard regarding the need to airlift, medivac or disembark Plaintiff so that she could promptly receive treatment;

    k. Failing to properly or timely consult qualified shore-based personnel regarding Plaintiff's condition;

    l. Failing to obtain a proper medical opinion regarding Plaintiff's condition;

    m. Failing to appreciate the severity of Plaintiff's worsening condition;

    n. Failing to perform any procedure to Plaintiff's benefit; and

    o. Deviating from the standard of care for treating patients in Plaintiff's condition.

19. Carnival, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

20. As a direct and proximate result of Carnival's aforesaid negligence, the Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Carnival for compensatory damages, interest, court costs, and all other relief recoverable under law or as this Court deems just and proper.

**COUNT III**
**NEGLIGENCE OF MEDICAL PERSONNEL**
**(Vicarious Liability Based Upon Apparent Agency)**

Plaintiff adopts and realleges the allegations in paragraphs 1 through 8 and alleges further that:

21. Carnival's medical personnel, including the doctors and nurses on board the Vista, were the apparent employees, agents, servants and/or persons otherwise authorized to act on behalf of Carnival. Thus, Carnival is vicariously liable for the acts and/or omissions of its medical personnel.

22. Carnival made representations to the Plaintiff and other passengers onboard the Vista that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for Carnival's benefit. For example: (1) Carnival promoted the medical personnel onboard the Vista and represented them as being Carnival employees through brochures, internet advertising and/or signs, documents, and uniforms on the ship; (2) Carnival promoted the medical center onboard the Vista and described it in proprietary language; (3) the medical personnel onboard the Vista worked in the medical center that Carnival promoted and described in proprietary language; (4) Carnival directly bills the Plaintiff and other passengers onboard the Vista for services rendered by the onboard medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; (5) the medical personnel onboard the Vista were required to wear uniforms or other insignia furnished by Carnival; (6) Carnival held out the medical personnel onboard the Vista as members of the ship's crew; and (7) the medical personnel onboard the Vista spoke and acted as though they were employed by Carnival. Carnival had knowledge of such representations but never took any action to indicate otherwise.

23. Carnival's representations to the Plaintiff and other passengers onboard the Vista caused them to reasonably believe that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for Carnival's benefit. Indeed, Carnival actually intended that the Plaintiff and other passengers onboard the Vista have such perception or belief because it is a marketing tool to induce passengers such as the Plaintiff to purchase cruises

on Carnival s' ships in the first place, to feel secure while onboard Carnival s' ships and/or to be a repeat customer.

24. Carnival's representations to the Plaintiff and other passengers onboard the Vista induced their detrimental, justifiable reliance upon the appearance of agency. For example, Plaintiff justifiably relied upon Carnival s' representations in deciding to purchase a cruise on the Vista.

25. Carnival, through its medical personnel, owed Plaintiff the duty of exercising reasonable care under the circumstances. In particular, as Plaintiff suffered a left femur fracture onboard the Vista and was taken to the ship's medical center, Carnival owed Plaintiff the duty of protecting her from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

26. Carnival, through its medical personnel, breached its duty of protecting Plaintiff from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. Carnival, through its medical personnel, breached its duty in one or more of the following ways:

    a. Failing to properly assess the condition of Plaintiff;

    b. Failing to properly diagnose Plaintiff;

    c. Failing to timely diagnose Plaintiff;

    d. Failing to properly treat Plaintiff;

    e. Failing to perform or arrange for appropriate diagnostic testing given Plaintiff's condition;

    f. Failing to obtain consultations with appropriate specialists;

    g. Failing to properly monitor Plaintiff;

    h. Failing to timely airlift, medivac, and/or disembark Plaintiff from the ship so that she could promptly receive treatment;

    i. Failing to timely divert the ship so that Plaintiff could promptly receive treatment;

    j. Failing to contact the United States Coast Guard regarding the need to airlift, medivac or disembark Plaintiff so that she could promptly receive treatment;

    k. Failing to properly or timely consult qualified shore-based personnel regarding Plaintiff's condition;

    l. Failing to obtain a proper medical opinion regarding Plaintiff's condition;

    m. Failing to appreciate the severity of Plaintiff's worsening condition;

    n. Failing to perform any procedure to Plaintiff's benefit; and

    o. Deviating from the standard of care for treating patients in Plaintiff's condition.

27. Carnival, through its employees and agents, to wit, the ship's medical staff, knew or reasonably should have known that the medical procedures they employed violated reasonable standards of medical care.

28. As a direct and proximate result of Carnival's aforesaid negligence, the Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Carnival for compensatory damages, interest, court costs, and all other relief recoverable under law or as this Court deems just and proper.

## COUNT IV
## NEGLIGENCE OF NON-MEDICAL PERSONNEL
**(Vicarious Liability Based Upon Actual Agency / Respondeat Superior)**

Plaintiff adopts and realleges the allegations in paragraphs 1 through 8 and alleges further that:

29. In light of Carnival's experience and familiarity with the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises, and the illnesses and emergencies experienced by past cruise passengers, it was reasonably foreseeable to Carnival that the Vista would have passengers with common medical emergencies, such as Plaintiff's condition. Likewise, it was reasonably foreseeable that such passengers would require proper medical logistical support and medical evacuation.

30. Carnival, through its non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of Carnival, both onboard the Vista and located at Carnival's shore-side offices, owed Plaintiff the duty of exercising reasonable care under the circumstances. In particular, as Plaintiff suffered internal bleeding following a left femur fracture and was taken to the ship's medical center, Carnival owed Plaintiff the duty of protecting her from injury relating to her emergent condition, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

31. Carnival, through the negligence of its non-medical personnel, breached its duty to Plaintiff to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. Carnival breached its duty in one or more of the following ways:

    a.  Failing to timely and properly communicate the condition of Plaintiff to its shore side personnel;

    b.  Failing to follow proper policies and procedures to ascertain the operational feasibility of a medical evacuation for Plaintiff;

    c.  Failing to timely airlift, medivac, and/or disembark Plaintiff from the ship so that she could promptly receive treatment.

    d.  Failing to timely divert the ship so that Plaintiff could promptly receive treatment;

    e.  Failing to evacuate Plaintiff by speed boat, tender boat or transfer; and

    f.  Failing to contact the United States Coast Guard regarding the need to airlift, medivac or disembark Plaintiff so that she could promptly receive treatment.

32. Carnival, through its non-medical personnel, knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to Carnival.

33. As a direct and proximate result of Carnival's aforesaid negligence, the Plaintiff has suffered, and continues to suffer, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of ability to earn money and aggravation of a known or unknown previously existing condition. The losses are either permanent or continuing in nature and the Plaintiff will continue to suffer the losses in the future.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Carnival for compensatory damages, interest, court costs, and all other relief recoverable under law or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MARIA HAMLIN demands a trial by jury on all issues so triable.

Dated: January 12, 2024

Respectfully submitted,

**LEESFIELD SCOLARO**
2350 South Dixie Highway
Miami, Florida 33133
Tel: (305) 854-4900
Fax: (305) 854-8266

By: /s/ Thomas Scolaro
    **Thomas Scolaro**
    Florida Bar No.: 178276
    scolaro@leesfield.com
    **Evan Robinson**
    Florida Bar No.: 1031473
    robinson@leesfield.com
    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or is some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

## SERVICE LIST

*Hamlin v. Carnival Corp.*
Case No.: 23-cv-22080-ALTMAN/Reid

| | |
|---|---|
| Thomas Scolaro<br>Florida Bar No.: 178276<br>scolaro@leesfield.com<br>Evan M. Robinson<br>Florida Bar No.: 1031473<br>robinson@leesfield.com<br>**LEESFIELD SCOLARO, P.A.**<br>2350 South Dixie Highway<br>Miami, FL 33133<br>Telephone: (305) 854-4900<br>Facsimile: (305) 854-8266<br>*Attorneys for Plaintiff* | David J. Horr<br>Florida Bar No.: 310761<br>dhorr@admiral-law.com<br>Juan C. Perez, Jr.<br>Florida Bar No.: 91581<br>jperez@admiral-law.com<br>Lourdes M. Cardelle<br>Florida Bar No.: 1039886<br>lcardelle@admiral-law.com<br>Henry A. Yaniz<br>Florida Bar No.: 1049169<br>hyaniz@admiral-law.com<br>**HORR, SKIPP & PEREZ, P.A.**<br>Two Datran Center, Suite 1700<br>9130 South Dadeland Boulevard<br>Miami, FL 33156<br>Telephone: (305) 670-2525<br>Facsimile: (305) 670-2526<br>*Attorneys for Defendant* |
| Michael C. Black<br>Florida Bar No.: 0056162<br>mblack@marlaw.com<br>**MICHAEL C. BLACK, P.A.**<br>Dadeland Square at the Greenery Mall<br>7700 N. Kendall Drive, Suite 505<br>Miami, FL 33156<br>Telephone: (305) 271-8301<br>Facsimile: (305) 271-8302<br>*Co-Counsel for Plaintiff* | Donnise DeSouza Webb<br>F.B.N. 879398<br>ddesouza@carnival.com<br>**CARNIVAL CORPORATION**<br>3655 N.W. 87th Avenue<br>Miami, FL 33178-2438<br>Telephone: (305) 559-2600 x18073<br>Direct Line: (305) 406-4838<br>Facsimile: (305) 406-4732<br>*Attorney for Defendant* |